UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAMON ANTONIO CADAMO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security;
TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement;
PATRICK DIVVER, San Diego Field
Office Director, ICE; WARDEN, OTAY
MESA DETENTION CENTER; and
TODD BLANCHE, Attorney General of
the United States,

Respondents.

Case No.: 3:26-cv-4055-JES-MSB

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Ramon Antonio Cadamo's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 3), Respondents filed a return to the petition. ECF No. 4.

1

Petitioner is a native of Venezuela who came to the United States on June 13, 2024, through the CBP One appointment process. Pet. ¶ 19. The government granted him parole upon arrival, after which he entered the country, retained legal counsel, and timely pursued an asylum claim which is still pending. *Id.* ¶¶ 20-22; *see also* ECF No. 4-1. Petitioner states that he lived and worked in the community and complied with all the terms of his parole. Pet. ¶ 22. On June 29, 2026, Petitioner was detained by Immigration and Customs Enforcement at a traffic checkpoint on his commute home from work and taken to Otay Mesa Detention Center, where he currently remains. *Id.* ¶¶ 23-24. He alleges that prior to his re-detention, he was never provided any notice or opportunity to be heard regarding an individualized determination of custody. *Id.* ¶ 24.

In their return, Respondents acknowledge that Petitioner had previously been released on parole, and courts have routinely held that such petitioners are not mandatorily detained under 8 U.S.C. § 1225(b). ECF No. 4 at 1-2 (citing multiple cases so holding). As such, Respondents state that "this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable for purposes of the Court's decision" and that they "defer to the Court as to the appropriate relief." *Id.* at 2.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in March 2024. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). The Court does not find that Petitioner's notice to appear issued at the date his parole was granted also terminated his parole, as Respondents venture to suggest. *See* Return at 2; ECF No. 4-1. Accordingly, the Court adopts its reasoning in the above-cited prior cases and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to <u>**immediately**</u> release Petitioner from custody, subject to any conditions of his parole that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by <u>**July 22, 2026**</u>, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: July 21, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge